UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, a State of Washington Department; and KRISTIN LESLIE, individually and as Personal Representative of the ESTATE OF TIMOTHY P. LESLIE,<br><br>Defendants. | No. 3:26-cv-05722<br><br>**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. § 2201)** |

Plaintiff The Travelers Indemnity Company of America (hereafter, "Travelers") submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## I.    PARTIES

1.1    Plaintiff Travelers is a foreign insurance company licensed to conduct business in the State of Washington. Travelers is organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Travelers is licensed to transact business in Washington and at all material times has transacted business in Washington.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 1
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1.2    Defendant the Washington State Department of Transportation (WSDOT) is a Washington State governmental department with its principal place of business in Olympia, Washington.

1.3    Defendant Kristin Leslie is a resident of Yakima County, Washington. She is the surviving spouse of Timothy P. Leslie and is the personal representative of the Estate of Timonthy P. Leslie.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1332, *et. seq.*, as complete diversity exists among the Parties and the amount in controversy exceeds $75,000.

2.2    The Court has jurisdiction over this Declaratory Judgment action pursuant to 28 U.S.C. § 2201 because there is an actual and justiciable controversy between the Parties with respect to the existence of insurance coverage under the policy of insurance issued by Travelers. A judicial determination and declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Travelers has no adequate remedy at law which will resolve the current controversy.

2.3    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves a dispute over the application of additional insurance coverage available to WSDOT under a policy of insurance issued to Hamilton Construction Co. (Hamilton). Venue is proper as WSDOT is located in Olympia, Washington.

## III.    FACTUAL BACKGROUND

**A.    The Contract Between WSDOT and Hamilton**

3.1    The subject claim arises out of an automobile accident that occurred on the Southbound Main Street Ramp to Interstate 82 in Yakima County, Washington on February 26,

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 2
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

2021 (hereinafter referred to as the "subject area").

3.2     On or about December 16, 2018, WSDOT entered into a design-build contract with Hamilton. Pursuant to the contract, Hamilton was hired to furnish the design and construct the I-82 Union Gap interchange between mileposts 37 and 38 on I-82.

3.3     Pursuant to the Request for Proposal issued by WSDOT and incorporated into the Contract Documents, WSDOT was required to be named as an additional insured on the Travelers Commercial General Liability (CGL) policy issued to Hamilton. The Request for Proposal specifically states the following:

> The Design-Builder shall be the named insured. Each of the Indemnified Parties shall also be added to the CGL as either (a) named insured or (b) additional insureds with respect to liability arising out of the Project or any acts, errors, or omissions of any Related Entity, whether occurring on or off of the Site. If the State is added to this policy as a named insured, then the Design-Builder is not required to obtain the owners and contractors protective (OCP) coverage pursuant to Section 1-07.18(1).11.

Contract Documents.

3.4     The Contract Documents between WSDOT and Hamilton contain the following Losses Due to Negligence of Indemnified Parties section:

> The Design-Builder will not be required to indemnify, defend, or save harmless an Indemnified Party as provided in this Section if the claim, suit, or action is caused by the sole negligence or willful misconduct of such Indemnified Party. Where such claims, suits, or actions result from the concurrent negligence of (a) an Indemnified Party or the Indemnified Party's agents or employees and (b) the Design-Builder or the Design-Builder's agent or employees, the indemnity provisions provided in this Section shall be valid and enforceable only to the extent of the Design-Builder's negligence or the negligence of its agents and employees.

Contract Documents.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 3
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.5    The original Request for Proposal from WSDOT included the subject area in the scope of work. Prior to the commencement of construction, WSDOT accepted changes to Hamilton's scope of work. Specifically, on October 3, 2018, WSDOT accepted a change to the work called for by Hamilton. *See*, **Exhibit A**. Pursuant to the Alternative Technical Concept (ATC), the subject area was removed from Hamilton's scope of work. As a result of WSDOT's acceptance of the ATC, the subject area was left as it pre-existed prior to any of the Work having been performed.

3.6    Substantial completion was reached on August 21, 2020. Physical completion occurred on November 15, 2020. Final contract acceptance occurred on January 14, 2022.

**B.    The Underlying Lawsuit**

3.7    On February 21, 2024, Kristin Leslie, individually and as the Personal Representative of the Estate of Timonthy P. Leslie, filed suit against WSDOT and Angel H. Caoile in Yakima County Superior Court, case no. 24-2-00488-39 (hereinafter, the "Underlying Lawsuit").

3.8    In the Underlying Lawsuit, it is alleged that, on February 21, 2021, Timothy Leslie was in a motor vehicle accident that resulted in his death. It is alleged that the accident occurred on the Southbound Main Street Ramp to Interstate 82 in Yakima County, Washington.

3.9    In the Underlying Lawsuit, it is further alleged that the accident occurred when Defendant Caoile attempted to make a U-turn directly in front of Mr. Leslie's vehicle. This resulted in Defendant Caoile striking the passenger side of Mr. Leslie's vehicle. In the Underlying Lawsuit, it is alleged that the impact caused Mr. Leslie's vehicle to careen across the oncoming lane of traffic, toward an embankment that had a creek at the bottom.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 4
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.10    In the Underlying Lawsuit, it is alleged that there was no guardrail or barrier to prevent Mr. Leslie's vehicle from reaching the embankment. As a result, it is alleged that Mr. Leslie's vehicle rolled down the embankment into the creek. It is further alleged that Mr. Leslie's vehicle came to rest on its top, submerged in the creek, resulting in the fatal drowning of Mr. Leslie.

3.11    In the Underlying Lawsuit, it is alleged that WSDOT was responsible for the design, construction, maintenance, repair, signage, and safety of the Southbound Main Street Ramp to Interstate 82 where the collision occurred. It is alleged that WSDOT failed to comply with these duties.

3.12    On January 28, 2026, Travelers picked up the defense of WSDOT in the Underlying Lawsuit pursuant to a Reservation of Rights letter.

## IV.    POLICY OF INSURANCE

**A.    Identification of the Subject Insurance Policy**

4.1    Travelers issued a Commercial General Liability Insurance policy to Hamilton under policy number VTC2H-CO-9325B477-TIA-21 covering the policy period of January 1, 2021 to January 1, 2022 (hereinafter the "Travelers Policy").

4.2    The Travelers Policy has a $2,000,000 each occurrence limit and $4,000,000 products and completed operations aggregate limit.

**B.    The Additional Insured Endorsement**

4.3    The Travelers Policy contains the following Additional Insured endorsement:

> **BLANKET    ADDITIONAL    INSURED (CONTRACTORS)**
>
> This endorsement modifies insurance provided under the following:

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 5
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

2. The insurance provided to the additional insured by this endorsement is limited as follows:

a) The insurance provided to the additional insured does not apply to "bodily injury", "property damage" or "personal injury" arising out of the rendering of, or failure to render, any professional architectural, engineering or surveying services, including:

i. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders or change orders, or the preparing, approving, or failing to prepare or approve, drawings and specifications; and

ii. Supervisory, inspection, architectural or engineering activities.

[…]

5. The following definition is added to SECTION V. – DEFINITIONS:

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 6
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

"Written contract requiring insurance" means that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:

    **a.**  After the signing and execution of the contract or agreement by you;

    **b.**  While that part of the contract or agreement is in effect; and

    **c.**  Before the end of the policy period.

CG T8 00.

**C.**       **Provisions of the Travelers Policy**

4.4      The Travelers Policy issued to Hamilton contains the following Insuring Agreement:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damage for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and;

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 7
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 8
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

        **d.** "Bodily injury" or "property damage" will be deemed to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any insurer;

        **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

CGT100 (02-19).

    4.5    The Travelers Policy contains the following definitions relevant to the above-referenced policy provision:

        **4.** "Bodily injury" means:

        **a.** Physical harm, including sickness or disease, sustained by a person;

        **b.** Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

    […]

        **17.** "Occurrence" means

        **a.** An accident, including continuous or repeated exposure to substantially the same general harmful conditions; or

        **b.** An act or omission committed in providing or failing to provide first aid or "Good Samaritan services" to a person, unless you are in the business or occupation of providing professional health care services.

    […]

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 9
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**23.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

[…]

**25.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

[…]

**31.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)** The providing of or failure to provide warnings or instructions.

CGT100 (02-19).

    4.6    The Travelers Policy contains the following Contractual Liability exclusion:

//

//

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 10
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of a contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

CGT100 (02-19).

4.7 The Travelers Policy contains the following definitions relevant to the above-referenced policy provision:

**13.** "Insured contract" means:

[…]

**f.** That part of any other contract or agreement pertaining to your business (including indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 11
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

[…]

**(2)** That indemnifies an architect, engineer or surveyor for any injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

CGT100 (02-19).

4.8     The Travelers Policy contains the following Limits of Insurance provision:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT – NON CUMULATION OF EACH OCCURRENCE LIMIT OF LIABILITY and NON CUMULATION OF PERSONAL and ADVERTISING INJURY LIMIT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 12
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1. Paragraph 5 of SECTION III – LIMITS OF INSURANCE, is amended to include the following:

Non cumulation of Each Occurrence Limit – If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will pay is limited. This policy's Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the policies because of such "occurrence".

CG D2 03 12 97.

4.9    The Travelers Policy contains the following Other Insurance provision:

**SECTION    IV    –    COMMERCIAL    GENERAL LIABILITY CONDITIONS**

[…]

**4. Other Insurance**

If valid and collectible other insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as described in Paragraphs **a.** and **b.** below:

As used anywhere in this Coverage Part, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

**(i)**    Another insurance company;

**(ii)**    Us or any of our affiliated insurance companies, except when the Non cumulation of Each Occurrence Limit provision of Paragraph **5.** Of Section **III** – Limits of Insurance or the Non-cumulation of Personal and Advertising Injury Limit provision of Paragraph **4.** Of Section **III** – Limits of Insurance applies because the Amendment – Non Cumulation of Each Occurrence Limit of Liability and Non Cumulation of Personal and

THE TRAVELERS INDEMNITY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF – 13

Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Advertising Injury Limit endorsement is included in this policy;

**(iii)** Any risk retention group; or

**(iv)** Any self-insurance method or program, in which case the insured will be deemed to be the provided or other insurance.

Other insurance does not include umbrella insurance, or excess insurance, that was brought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

As used anywhere in this Coverage Part, other insurer means a provided of other insurance. As used in Paragraph **c.** below, insurer means a provided of insurance.

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

[…]

**(b)** Any other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 14
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

other insured that does not qualify as a named insured, under such other insurance.

(2) When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

(3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(b) The total of all deductible and self insured amounts under all that other insurance.

(4) We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. **Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 15
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**d. Primary And Non-Contributory Insurance Required By Written Contract**

If you specifically agree in a written contract or agreement that the insurance afforded to an insured under this Coverage Part must apply on a primary basis, or a primary non-contributory basis, this insurance is primary to other insurance that is available to such insured which covers such insured as a named insured, and we will not share with other insurance provided that:

**(1)** The "bodily injury" or "property damage" for which coverage is sought occurs; and

[…]

subsequent to the signing of that contract or agreement by you.

CGT100 (02-19).

4.10    The Travelers Policy contains the following terms with regard to the duties of an insured:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

[…]

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

[…]

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit'"

**(2)** Authorize us to obtain records and other information;

THE TRAVELERS INDEMNITY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY RELIEF – 16
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at the insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

CGT100 (02-19).

4.11    The Travelers Policy contains the following endorsement with regard to defense cost reimbursement:

**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

[...]

COMMERCIAL GENERAL LIABILITY COVERAGE PART

[...]

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

**1.** Section **I** of the Commercial General Liability [. . . .]

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 17
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

IL 01 23 11 13.

4.12    In accordance with applicable law, Travelers now brings this claim for Declaratory Judgment seeking a judicial determination that it no longer owes a duty to defend WSDOT in the Underlying Lawsuit.

## V.    NO INDEMNITY OR DEFENSE COVERAGE UNDER THE POLICY

5.1    Travelers reasserts Paragraphs 1.1 through 4.12 and incorporates the same as though fully stated herein.

5.2    Pursuant to Endorsement – Blanket Additional Insured (Contractors), Travelers owes an obligation to defend and indemnify an Additional Insured only if that Additional Insured's liability is caused by an act or omission of the Named Insured.

5.3    An actual and justiciable controversy exists as to whether Travelers owes WSDOT the duty to defend and/or indemnify as an additional insured under the Travelers Policy for the claims asserted against it in the Underlying Lawsuit.

5.4    Pursuant to Endorsement – Blanket Additional Insured (Contractors), additional insured coverage does not apply to "bodily injury", "property damage", or "personal injury" arising out of the rendering of, or failure to render, any professional architectural, engineering, or surveying services, including:

    **i.**    The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders or change orders, or the preparing,

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 18
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

approving, or failing to prepare or approve, drawings and specifications; and

    **ii.** Supervisory, inspection, architectural or engineering activities.

CG T8 00.

5.5    An actual and justiciable controversy exists as to whether the claims asserted against WSDOT are for "bodily injury", "property damage", or "personal injury" arising out of the rendering of, or failure to render, any professional architectural, engineering, or surveying services.

5.6    The Travelers Policy provides coverage only for "bodily injury" caused by an "occurrence," as those terms are defined by the Travelers Policy, provided that any such "bodily injury" occurs during the policy period.

5.7    The Travelers Policy provides coverage only for "property damage" caused by an "occurrence," as those terms are defined by the Travelers Policy, provided that any such "property damage" occurs during the policy period.

5.8    There is an actual and justiciable controversy as to whether the claims against WSDOT involve claims for "bodily injury" as that term is defined.

5.9    There is an actual and justiciable controversy as to whether the alleged liability of WSDOT is for "bodily injury" caused by any covered "occurrence."

5.10    There is an actual and justiciable controversy as to whether the claims against WSDOT involve claims for "property damage" as that term is defined.

5.11    There is an actual and justiciable controversy as to whether the alleged liability of WSDOT is for "property damage" caused by any covered "occurrence."

5.12    Pursuant to the Travelers Policy, coverage is excluded for "bodily injury" for

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 19
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

which WSDOT is obligated to pay damages by reason of assumption of liability in a contract or agreement.

5.13    There is an actual and justiciable controversy as to whether the alleged liability of WSDOT involves liability for which WSDOT is obligated to pay damages by reason of assumption of liability in a contract or agreement.

5.14    Pursuant to the non-cumulation provisions of the Travelers Policy, any payment by Travelers under the policy for any "occurrence" will reduce the limit of each successive policy issued by Travelers by the amount of any such payment for that "occurrence".

5.15    To the extent that a progressive loss is alleged, there is an actual and justiciable controversy as to whether any potential coverage available under the Travelers Policy would limit Travelers' obligations to a single policy period.

5.16    Pursuant to the Travelers Policy, coverage is excluded to the extent that other valid and collectible insurance is available to WSDOT.

5.17    There is an actual and justiciable controversy as to whether other valid and collectible insurance is available to WSDOT.

5.18    Pursuant to the Travelers Policy, WSDOT is required to comply with certain terms and conditions as a condition precedent to coverage.

5.19    There is an actual and justiciable controversy as to whether WSDOT complied with the cooperation provisions in the Travelers Policy and whether any failure to comply on the part of WSDOT prejudiced Travelers.

5.20    Pursuant to the Travelers Policy, if Travelers initially pays for WSDOT's defense, but later determines none of the claims for which defense was provided are covered under the Policy, Travelers has a right to reimbursement for any defense costs Travelers has incurred.

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 20
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

5.21    To the extent that none of the claims are covered under the Travelers Policy, there is an actual and justiciable controversy as to whether Travelers' defense costs will be reimbursed.

5.22    Travelers reserves the right to assert any other exclusions or grounds for which coverage for the claims against WSDOT may be excluded under the Travelers Policy.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

6.1    Travelers reasserts Paragraphs 1.1 through 5.22 and incorporates the same as though fully set forth herein.

6.2    Actual and justiciable controversies exist as to whether any defense coverage is available to WSDOT under the Travelers Policy as set forth above.

6.3    Pursuant to and in accordance with 28 U.S.C. § 2201, Travelers requests that the Court grant Declaratory Relief in favor of Travelers and enter a judicial determination that Travelers does not have an obligation to provide a defense to WSDOT in regard to the claims asserted against it in the Underlying Lawsuit.

6.4    Actual and justiciable controversies exist as to whether any indemnity coverage is available to WSDOT under the Travelers Policy in regard to the claims asserted against it in the Underlying Lawsuit.

6.5    Pursuant to and in accordance with 28 U.S.C. § 2201, Travelers requests that the Court grant Declaratory Relief in favor of Travelers and enter a judicial determination that Travelers does not have an obligation to provide any indemnity coverage to WSDOT regarding the claims asserted against it in the Underlying Lawsuit.

## VII.    PRAYER FOR RELIEF

WHEREFORE, The Travelers Indemnity Company of America having specifically alleged the foregoing, now prays for the following relief:

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 21
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1.      For a judicial declaration of the rights and obligations of the Parties hereto under the Travelers Policy;

2.      For a judicial declaration that there is no duty to defend WSDOT under the Travelers Policy;

3.      For a judicial declaration that there is no duty to indemnify WSDOT under the Travelers Policy;

4.      For a judicial declaration that WSDOT and Kristin Leslie, individually and as Personal Representative of the Estate of Timothy P. Leslie, are bound by any judicial declarations in this matter involving the Travelers Policy;

5.      To the extent allowed by applicable law, for reimbursement of any and all defense costs, fees, or expenses incurred by Travelers in defending any entity or person, including WSDOT, in the Underlying Lawsuit who claims to be an insured under the Travelers Policy for which there is no defense obligation;

6.      For all pre-judgment and post-judgment interest as allowed by applicable law;

7.      For attorney's fees and costs allowed by applicable statute and law; and

8.      For other and further relief as the Court deems just and equitable.

DATED this 2nd day of July 2026.

LETHER LAW GROUP

/s/ Thomas Lether
Thomas Lether, WSBA #18089
/s/ N. Chance Laboda
N. Chance Laboda, WSBA #54273
1848 Westlake Ave N., Suite 100
Seattle, WA  98109
P: 206-467-5444 / F: 206-467-5544
tlether@letherlaw.com
claboda@letherlaw.com
Counsel for The Travelers Indemnity
Company of America

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA'S COMPLAINT FOR
DECLARATORY RELIEF – 22
Case No. 3:26-cv-05722

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544